IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| DeLauris Brown,<br><br>    Plaintiff,<br><br>    v.<br><br>Northrop Grumman Ship Systems, Inc.,<br><br>    Defendant. | No. 1:06-cv-00770-LG-RHW<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>(Civil Rights-Employment)<br><br>Jury Trial Demanded |

## PRELIMINARY STATEMENT

1. This action seeks injunctive and declaratory relief to prevent continuing, systemic, and unjustified race discrimination by the employer, NORTHROP GRUMMAN SHIP SYSTEMS, INC. ("NGSS"), with regard to the retention, terms and conditions of employment, treatment, and promotion and transfer of Black employees at NGSS, including severe, pervasive, and ongoing harassment of Black employees through longstanding maintenance of a racially hostile work environment.  In addition to injunctive and declaratory relief, and all other available equitable relief, plaintiff seeks compensatory and punitive damages.

## JURISDICTION

2. This suit is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"); and Civil Rights Act of 1866, 42 U.S.C. § 1981 ("1981").  Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e-5(f), 28 U.S.C. §§ l343 (3)&(4); 28 U.S.C. § 1331 and 28 U.S.C. § 1337.  Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 & 2202.

Plaintiff DeLauris Carmicheal's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00775-LG-RHW

1

**PARTIES**

3. Plaintiff DELAURIS CARMICHEAL is a Black employee of NGSS who has been employed by NGSS for over thirty-one (31) years. Plaintiff ceased working at NGSS in May 2006 because of work-related injuries and is currently on disability leave and receiving long-term disability benefits.

4. NORTHROP GRUMMAN SHIP SYSTEMS, INC. is a business that is engaged in the construction and refurbishing of seagoing vessels, both military and civilian. It is located in Pascagoula, Mississippi. It is an employer for purposes of Title VII. On the basis of information and belief, plaintiff alleges that NORTHROP GRUMMAN SHIP SYSTEMS, INC. is a successor in interest to INGALLS SHIPBUILDING COMPANY.

5. NGSS has received numerous contracts and substantial income from agencies and departments of the Federal Government, and because of the receipt of said contracts and income it is subject to Title VI of the Civil Rights Act of 1964, as amended. NORTHROP GRUMMAN SHIP SYSTEMS, INC., and its predecessor, INGALLS SHIPBUILDING COMPANY, therefore are, and have been, a federal contractor at all times relevant.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

6. All conditions precedent to jurisdiction pursuant to section 706 of Title VII of the Civil Rights Act of 1964, as amended, have been complied with to wit: an appropriate charge of employment discrimination has been filed with the Equal Employment Opportunity Commission, and a notice of right to sue was issued by the Equal Employment Opportunity Commission.

7. Plaintiff has filed a timely complaint based on the time limits contained in section 706 of Title VII of the Civil Rights Act of 1964, as amended.

8. On or about December 20, 2000, the Equal Employment Opportunity Commission issued a determination finding reasonable cause to believe that a racially hostile work environment existed at NGSS.

9. Attempts at conciliation regarding the finding of a racially hostile work environment,

Plaintiff DeLauris Carmicheal's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00775-LG-RHW

2

which was and is statutorily required, failed.

## PROCEDURAL BACKGROUND PRECEDING THIS COMPLAINT

10. An initial complaint was filed in the United States District Court for the Southern District of Mississippi on March 21, 2001, in which eleven (11) persons, named as representative plaintiffs, and the organization, Ingalls Workers for Justice, alleged class-wide discrimination at NGSS on the basis of race.  The case was assigned a case number of 1:01-CV-111(G)(R).

11. A First Amended Complaint was filed on April 26, 2001 in the initial case, additionally alleging maintenance of a racially hostile work environment at NGSS.

12. A Complaint in Intervention was filed on February 13, 2003 in the initial case, necessitated by the Court's dismissal of the following causes of action and parties from the First Amended Complaint on February 28, 2002:

   a) Dismissal of the class action allegations seeking compensatory and punitive damages;

   b) Dismissal of the claim for relief alleged pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.*;

   c) Dismissal of the claim for relief alleged pursuant to the Thirteenth Amendment to the U.S. Constitution;

   d) Dismissal of organizational plaintiff INGALLS WORKERS FOR JUSTICE;

   e) Dismissal of defendant LITTON INDUSTRIES; and

   f) Dismissal of defendant NORTHROP GRUMMAN.

13. A Second Amended Complaint was filed on April 7, 2003 in the initial case.

14. On or about March 16, 2004, the initial case was reassigned to the Honorable Louis Guirola, Jr., District Court Judge; on December 30, 2004, the Honorable Robert H. Walker, Magistrate Judge, was assigned to be the Magistrate Judge for the initial case.

15. On August 17, 2006, Magistrate Judge Walker entered an order entitled, "Order Requiring Separate Complaints," which, *inter alia*, severed the plaintiffs' claims from one another, and required the filing of new complaints and assignment of new case numbers for each

Plaintiff DeLauris Carmicheal's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00775-LG-RHW

3

of the individual plaintiffs in Case No. 1:01-CV-111(LG)(RHW).

16. At some point during the period of time from August 17, 2006 through September 7, 2006, plaintiff DELAURIS BROWN's severed action was assigned the case number of 1:06-cv-00770-LG-RHW.

# FACTUAL STATEMENT
## RACIAL DISCRIMINATION GENERAL ALLEGATIONS

17. The defendant, NGSS, has intentionally pursued and continues to pursue employment policies and practices that constitute systemic discrimination against plaintiff and other Black employees and that deprive or tend to deprive such persons of equal employment opportunities within NGSS.  NGSS has intentionally implemented these policies and practices, among other ways, as follows:

   a) By failing to treat Blacks on an equal basis with Whites.

   b) By using selection devices for promotions that have an adverse impact on Blacks, are not job related and have never been validated pursuant to the Uniform Guidelines on Employee Selection Procedures, and have more adverse impact than equally valid alternatives.

   c) By using evaluation procedures in the consideration of employees for promotions that discriminate against or illegally exclude Black employees from consideration.

   d) By failing to provide Black employees with equal opportunities for advancement within the company because of their race.  Black employees are denied promotions despite their qualifications and years on the job.  It is not uncommon for a Black employee to be denied a promotion at NGSS in an area she or he has worked in for twenty years and then be assigned to train a White employee with less seniority.

   e) By maintaining a double standard in the granting of promotions to White employees vis à vis Black employees.  Practices including cronyism, nepotism, word-of-mouth recruitment, failure to post or advertise employment

Plaintiff DeLauris Carmicheal's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00775-LG-RHW

4

      opportunities, and/or the placement of White employees in acting positions have inured to the determent of Black employees historically.

  f) By restricting access to employment opportunities for Black employees and maintaining a workforce in which its supervisory and management personnel has been and continues to be predominately White.

  g) By engaging in a policy in which positions are actually filled even before they may be posted or advertised as an available position.

  h) By demoting Black employees at a disproportionate rate as compared to White employees.

  i) By retaliating against Black employees after they have complained or challenged, in any way, the discriminatory policies, procedures, and practices that permeate the work environment at NGSS.

  j) By denying Black employees opportunities to go on trips or sea trials where they would be able to earn substantial amounts of overtime.

  k) By maintaining a practice of "job steering," resulting in Black employees being assigned to, and then denied the opportunity to move out of, dangerous, dirty, and generally less desirable work areas because of their race.

  l) By instituting and allowing the continuance of a racially hostile work environment for Black employees.

18. This pattern or practice denies the full exercise of rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

19. NGSS has been aware that its actions with regard to the treatment of Black employees were and are in violation of federal statutes prohibiting discrimination on the basis of race.

Plaintiff DeLauris Carmicheal's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00775-LG-RHW

5

## SPECIFIC CLAIMS FOR RELIEF

## TITLE VII AND § 1981

20. Plaintiff incorporates paragraphs 1 through 19, as though fully set forth herein.

21. Plaintiff has worked for over thirty-one (31) years in one or more of the departments at NGSS utilizing a position entitled "leaderman" or "half-hat." Based upon information and belief, plaintiff hereby alleges that no formal means of applying for the position of "leaderman" or "half-hat" at NGSS exist; however, plaintiff is aware that numerous White employees have been selected for the position of "leaderman" or "half-hat" without having made any such interest known. Plaintiff has made it known that she has been interested in being selected for the position of "leaderman" or "half-hat," however, plaintiff has never been selected for the position in spite of her 30 years at NGSS. Plaintiff has not been informed in any way that she was not qualified for the position of "leaderman" or "half-hat." The means used to determine that plaintiff would not be selected for a position, for which she was and is qualified, have never been validated pursuant to the Uniform Guidelines on Employee Selection Procedures.

22. Plaintiff has never been promoted in spite of plaintiff's over thirty-one (31) years at NGSS. Plaintiff has observed both that Black employees are not promoted in spite of their qualifications and seniority as well as the lack of qualifications of White employees who have been promoted, and, therefore, plaintiff has not applied for promotive positions for which she was qualified, and plaintiff has never been selected for promotion to any such position. The means used to determine that plaintiff would not be selected for a position, for which she was and is qualified, have never been validated pursuant to the Uniform Guidelines on Employee Selection Procedures.

23. Plaintiff has made her supervisor(s) aware that she desired to be chosen to participate in sea trials. However, she has never been selected to participate in any sea trials in spite of being qualified to be chosen, while her similarly situated White colleagues have overwhelmingly been selected to do so. Furthermore, the selection process for participating in sea trials has never been validated pursuant to the Uniform Guidelines on Employee Selection Procedures. This

Plaintiff DeLauris Carmicheal's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00775-LG-RHW

6

includes the following instances:

    a) Plaintiff had always been interested in participating in a sea trial but was unaware of any application process.

    b) Within the past six years, plaintiff informed Clay Waugh, plaintiff's supervisor, of her desire to participate in sea trials, but was told to speak with Tony Stiles, a foreman, of her desire to participate in sea trials. Stiles informed plaintiff that welders are not taken on sea trials and therefore there would be no work for her. However, plaintiff's White co-workers in her crew, who are welders, have participated in sea trials. When asked by plaintiff what work the welding supervisors undertake during sea trials if the presence of welders is in fact unnecessary, Stile stated that the supervisors would be getting paid for doing nothing. Stiles suggested that plaintiff attempt to participate in sea trials by getting into the steward department and serving as a steward. Plaintiff, however, desired to participate in sea trials, like her White co-workers, with her welding crew.

    c) Foreman Joe Guidry at one point inquired whether plaintiff desired to participate in sea trials. After responding in the affirmative, Guidry told plaintiff that he listed her as an alternate. When asked why she was listed only as an alternate, Guidry stated that employees who had participated in previous sea trials were likely to be scheduled to go again. The majority of the employees who were selected for prior and subsequent sea trials were White.

24. Plaintiff has been subjected to racial job tracking that assigns Black employees at NGSS at a disproportionate rate as compared to White employees to the most undesirable, dirtiest, and dangerous employment environments in the workplace. This includes the following instances:

    a) Plaintiff has been forced to work in either the hot sun or in the cold while similarly situated White employees were allowed to work in more comfortable

Plaintiff DeLauris Carmicheal's Complaint for       7
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00775-LG-RHW

      conditions.  For example, a White woman with less seniority who joined plaintiff's crew after plaintiff, requested and was granted by supervisor Guidry, a transfer from a work assignment, to which plaintiff was also assigned, that required plaintiff and the White co-worker to work out in the hot sun.  Plaintiff had previously requested the same transfer, but was told by Guidry that there was no other work assignment to which she could be transferred.

    b) Plaintiff has been assigned to work in extremely dirty and unsanitary areas while similarly situated White employees were allowed to work in more comfortable conditions.  For example, plaintiff was directed to crawl around under low areas picking up paper from the ground.

    c) Plaintiff observed that she was typically required to complete more work than her White co-workers and that her performance was overly scrutinized and held to higher standards.

25. Plaintiff has been subject to the practice of forcing Black employees disproportionately as compared to White employees to work with injuries, without reasonable accommodation of disabilities, or without provisions being made for medically imposed work restrictions.  This includes the following instances:

    a) In or about 2000, plaintiff sustained a work-related back injury when she fell while welding on a ladder welding light legs.  As a result, plaintiff was placed on light duty for approximately three months.  After plaintiff observed the light duty supervisor, Cecil Tillman speaking to Joe Guidry, Tillman then instructed her to crawl around picking up paper off the ground.  Plaintiff requested a union steward and attempted to file a grievance.  No grievance was filed.  Plaintiff was provided a garbage picking stick and sent outside to pick up paper, although such work was not typically assigned to persons in her position and although the work aggravated her injury.

26. Plaintiff has been retaliated against or suffered adverse consequences for opposing

Plaintiff DeLauris Carmicheal's Complaint for         8
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00775-LG-RHW

NGSS's discriminatory employment practices, in violation of Title VII and § 1981. This includes the following instances:

    a) In or about 2000, plaintiff complained to foreman Joe Guidry about being assigned work that aggravated her injuries while she was supposed to be on light duty and before she had been medically cleared to return to her regular job duties. Thereafter, a physician advised her that she had not healed and was placed again on light duty. Based on her observations of her superiors' treatment of her, plaintiff believes she was thought of as a "troublemaker."

    b) Plaintiff's supervisor, Glen Seymour, issued plaintiff a warning slip about her work performance. On or about 1998, plaintiff complained to him about his constant and excessive scrutiny and undue criticism of her work speed, among other things. Seymour's treatment of plaintiff worsened after her complaint.

27. Plaintiff has been subjected to a hostile work environment based on plaintiff's race. Plaintiff has been exposed to White supervisory personnel and White non-supervisory employees using the term "nigger" or other racial epithets, including in jokes, on a constant basis in a number of places at NGSS. NGSS knows or should have known about use of the term "nigger" and other racial epithets by White supervisory personnel and White non-supervisory employees, but has failed to take steps to prevent or correct promptly its occurrence. Plaintiff has not complained about each and every instance of having heard this or other racial epithets because plaintiff believed it would be useless so to do given the historical lack of sufficient response on the part of NGSS. This includes the following instances:

    a) Plaintiff heard White employees use racial slurs around her and has heard White employees use the term "nigger." Plaintiff heard a White co-worker use the word "nigger" most recently when she heard a co-worker refer to "nigger fish" approximately two to three years ago. Plaintiff has also heard statements made by White employees such as, "they need to send the niggers back where they belong," and something to the effect of "sending them back to Africa. They came

Plaintiff DeLauris Carmicheal's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00775-LG-RHW

9

and took our jobs." Approximately two to three years ago, a Black co-worker informed plaintiff that a supervisor was present when a White employee used the phrase "nigger rigging." Plaintiff did not complain about each and every instance of the use of such language. Based on NGSS's historical response, plaintiff believed that the response would be insufficient to remedy the situation and that she would be perceived as a "troublemaker" subjected to retaliation for complaining.

28. Plaintiff has been subjected to a hostile work environment based on plaintiff's race. Plaintiff has been exposed to nooses in a number of places at NGSS. NGSS knows or should have known about the presence of nooses, both actual and depicted in drawings, at its workplace, but has failed to take steps to prevent or correct promptly its occurrence. Plaintiff has not complained about each and every instance of having seen nooses at NGSS because plaintiff believed it would be useless to do so, given the historical lack of sufficient response on the part of NGSS. This includes following instances:

   a) On or about fifteen years ago, plaintiff observed a noose at on a ship being worked on for the United States Navy. Plaintiff did not complain at that time because, based on NGSS's historical response, plaintiff believed that the response would be insufficient to remedy the situation and because plaintiff believed she would be labeled a "troublemaker" and subjected to retaliation for complaining.

29. Plaintiff has been subjected to a hostile work environment based on plaintiff's race. The hostile work environment comprises and/or has culminated in the adverse treatment described in paragraphs 20 through 26, incorporated as though fully set forth herein.

30. Plaintiff has been subjected to a hostile work environment based on plaintiff's race. Plaintiff has been and is aware of the fact of presence of offensive racially derogatory writings, depictions, and/or graffiti; ubiquitous use of the word "nigger" and other racist epithets; and nooses at NGSS.

31. Plaintiff has been subjected to a hostile work environment based on plaintiff's race.

Plaintiff DeLauris Carmicheal's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00775-LG-RHW

10

Plaintiff has been and is aware of the fact that Black employees have not been provided equal opportunity with regard to upward job mobility.

32. The hostile work environment based on race to which plaintiff has been exposed is of a continuing and ongoing nature and constitutes a continuing violation of Title VII and § 1981.

33. NGSS has failed to take steps to remedy and correct promptly the harassing behavior occurring in its workplace. NGSS has failed to promulgate, disseminate, and enforce adequately an anti-harassment policy and failed to provide sufficient training to its employees regarding same. NGSS has failed to respond sufficiently to complaints regarding the harassment as set forth in paragraphs 27 through 32, incorporated as though fully set forth herein.

## APPROPRIATENESS OF EQUITABLE RELIEF

34. Plaintiff will suffer irreparable injury if the declaratory and injunctive relief requested herein is not granted, because NGSS will make employment decisions on the basis of the discriminatory procedures and practices described herein or will not remediate the racially hostile work environment that exists in its workplace. If NGSS is not enjoined from engaging in discriminatory employment practices, plaintiff will be deprived of career opportunities, which plaintiff otherwise would have been able to pursue, but for NGSS's discriminatory employment practices.

35. No plain, adequate, or complete remedy at law is available to plaintiff. Monetary relief cannot adequately compensate the loss of promotional opportunities, experience, and careers with NGSS. Similarly, monetary relief cannot adequately compensate the continued subjection to a racially hostile work environment.

36. Unless restrained by order of this Court, NGSS will continue to pursue policies and practices, which are the same as, or similar to those alleged above.

## FIRST CLAIM FOR RELIEF

37. Plaintiff refers to and incorporates by reference the allegations contained in paragraphs 1 through 36 and further alleges for a first claim for relief as follows:

38. Defendant has intentionally failed to provide plaintiff equal employment

Plaintiff DeLauris Carmicheal's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00775-LG-RHW

11

opportunities by discriminating against plaintiff on the basis of race with regard to treatment and promotions at NGSS. NGSS's unequal treatment of plaintiff and other Black employees and its intentional failure to remedy such unequal treatment violates plaintiff's right to be free from such discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*.

## SECOND CLAIM FOR RELIEF

39. Plaintiff refers to and incorporates by reference the allegations contained in paragraphs 1 through 38 and further alleges for a second claim for relief as follows:

40. Defendant has intentionally failed to provide plaintiff equal employment opportunities by discriminating against plaintiff on the basis of race with regard to treatment and promotions at NGSS. NGSS's unequal treatment of plaintiff and other Black employees and its intentional failure to remedy such unequal treatment violates plaintiff's right to be free from such discrimination under the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

## THE APPROPRIATENESS OF COMPENSATORY AND PUNITIVE DAMAGES

41. Defendant NGSS has caused plaintiff emotional distress and mental anguish as a proximate result of its illegal practices, and plaintiff is entitled to compensatory damages pursuant to the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

42. Similarly, defendant NGSS was aware that its actions with regard to plaintiff were in violation of federal statutes prohibiting discrimination on the basis of race, and therefore, plaintiff is entitled to punitive damages.

## PRAYER

WHEREFORE, plaintiff prays that this Court:

   a) Declare pursuant to 28 U.S.C. §§ 2201 & 2202 the employment practices set forth in paragraphs 17 through 33 to be unlawful and in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* and the Civil Rights Acts of 1866, as amended, 42 U.S.C. § 1981;

   b) Adjudge, decree, and declare that the practices of NGSS complained of herein are

Plaintiff DeLauris Carmicheal's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00775-LG-RHW

12

     violative of the rights secured to plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981;

c) Issue a preliminary and permanent injunction enjoining NGSS, its agents, successors, employees, attorneys, and those acting in concert with it from engaging in each of the unlawful practices set forth in paragraphs 17 through 33 and from continuing other practices found to be in violation of applicable law;

d) Direct NGSS to take such affirmative steps as are necessary to ensure that the effects of its unlawful employment practices are eliminated;

e) Enter a permanent mandatory injunction requiring that NGSS adopt employment practices in conformity with the requirements of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981;

f) Require that NGSS submit a comprehensive plan detailing how it plans to ensure fair and equitable job advancement opportunities for Black employees. The plan should also outline steps to be taken to ensure that jobs available remain open until the posting period has expired;

g) Require that NGSS institute a policy that affords equal opportunities for training and development. The policy should include the requirement that such training opportunities must be announced to the entire workforce as well as a procedure consisting of a rotation scheme and other procedures to ensure that training for job advancement is afforded to all those who are interested;

h) Grant equitable relief, including, but not limited to, back pay, sick pay, vacation pay, disability benefits, and seniority rights to plaintiff;

i) Grant such punitive, general, and special damages as proved at trial;

j) Award plaintiff the costs and litigation expenses of this action and reasonable attorneys' fees as provided for in section 706(k) of Title VII of the Civil Rights

Plaintiff DeLauris Carmicheal's Complaint for                                                     13
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00775-LG-RHW

    Act of 1964, as amended, 42 U.S.C. § 2000e-5(k), and the Civil Rights Attorneys

    Fees Award Act of 1976, as amended, 42 U.S.C. § 1988; and

  k) Grant such other and further relief as may be just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff hereby demands a trial by jury.

Dated:  September 20, 2006       SANDRA JARIBU HILL, Esq.
                   Mississippi Workers Center for
                     Human Rights

                WILLIAM C. MCNEILL, III, Esq.
                    The Legal Aid Society-Employment
                     Law Center

                Counsel for Plaintiffs


              By:  <u>/s/ William C. McNeill, III</u>
                 WILLIAM C. McNEILL, III, Esq.


William C. McNeill, III, Esq., MS Bar No. 42867, *Pro Hac Vice*
Denise M. Hulett, Esq., MS Bar No. 44672, *Pro Hac Vice*
Shelley A. Gregory, Esq., MS Bar No. 43443, *Pro Hac Vice*
The Legal Aid Society – Employment Law Center
600 Harrison Street, Suite 120
San Francisco, California 94107
(415) 864-8848

Sandra Jaribu Hill, Esq., MS Bar No. 10684
Mississippi Workers Center for Human Rights
213 Main Street
P.O. Box 1223
Greenville, Mississippi 38702-1223
(662) 334-1122

Plaintiff DeLauris Carmicheal's Complaint for                     14
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00775-LG-RHW

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF System which sent notification of such filing to the following: Paul B. Eason; Maria Candace Burnette; Timothy W. Lindsay; Stephen A. Brandon.

I hereby certify that I have mailed by United States Postal Service the documents to the following non-ECF participants:

Tammi Liddell
3836 Prentiss St.
Moss Point, MS  39563

Willie B. Richmond
1608 Timberlane Road
Gautier, MS  39553

Edna M. Tubbs
P.O. Box 501
Escatawpa, MS  39552

  /s/ Laurel Kapros
Laurel Kapros

Plaintiff DeLauris Carmicheal's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00775-LG-RHW

15